UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. JOHNSON, | CIVIL ACTION NO. 3:CV-12-0098 |
| Plaintiff | (Judge Nealon) |
| v. | |
| DR. KARPIN, Psychologist, | |
| Defendant | |

FILED SCRANTON
JAN 27 2012
PER _____ DEPUTY CLERK

## MEMORANDUM

**Background**

Christopher Johnson, an inmate presently confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the captioned Bivens[1] styled civil rights complaint pursuant to 28 U.S.C. § 1331. Along with the filing of his complaint, Johnson has submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2). The Plaintiff names as the sole Defendant Dr. Karpin, USP-Lewisburg Psychologist. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

In deciding whether the complaint fails to state a claim on which relief may be granted, the

---

1. Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

2. Section 1915(e)(2) provides that:
   (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, id. at 231 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face," id. at 570, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough, Ashcroft v. Iqbal, 556 U.S. 662 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

**Factual Allegations**

Johnson's complaint, states in toto:

Violation of my privacy rights while dealing with my mental health issues. I'm suffering from P.T.S.D. disorder. Dr. Karpin nor anyone else from the psychology department will not pull me out and talk to me in privacy.

(Doc. 1, complaint). For relief, Plaintiff seeks damages, as well as "requesting that [he] always be able to speak to psychology in privacy in regards to all of [his] personal issues." Id.

**Discussion**

A Bivens-type action is the federal counterpart to an action filed under 42 U.S.C. § 1983. See Paton v. LaPrade, 524 F.2d 82 (3d Cir. 1975); Farmer v. Carlson, 685 F. Supp. 1335, 1338 (M.D. Pa. 1988) (Nealon, J.). In order to prevail on a claim made under § 1983, the plaintiff must satisfy two criteria: (1) that some person has deprived him or her of a federal right, and (2) that the person who caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988); Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978).

The Fourteenth Amendment gives persons a right to keep their medical records confidential, and this right extends beyond more obviously embarrassing medical facts to include things like prescriptions and the "results of routine testing, such as X-rays, blood tests, pulmonary function tests, hearing and visual tests." Doe v. Se. Penn. Transp. Auth., 72 F.3d 1133, 1138 (3d Cir. 1995). However, while it is correct that prisoners have a constitutional right to privacy regarding the confidentiality of medical information, this right is not unfettered. Indeed, the United States Court of Appeals for the Third Circuit has cautioned that "a prisoner does not enjoy a right of privacy in his medical information to the same extent as a free citizen." Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001). In short, a prisoner's constitutional right to privacy, including the preservation of the confidentiality of medical information, "is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." Id., citing Turner v. Safley, 482 U.S. 78, 89 (1987). Courts must respect the administrative concerns underlying a prison regulation, without requiring proof that the regulation is the least restrictive means of addressing those concerns. Doe, 257 F.3d at 317.

In this case, Plaintiff claims that his privacy rights were violated when Defendant Karpin spoke to him at his cell about his medical issues. This allegation does not support a plausible inference that Plaintiff's privacy rights under the Fourteenth Amendment have been violated. The Fourteenth Amendment protects a prisoner's confidential medical information from being disclosed. While disclosing the nature of the conversation conducted at Plaintiff's cell may violate the Fourteenth Amendment, merely discussing Plaintiff's medical information in a public setting does not of itself violate any confidentiality. Defendant Karpin could only have violated

Plaintiff's privacy rights if he disclosed confidential information. There are no allegations of such disclosure. As such, the conduct complained of does not rise to the level of a constitutional violation cognizable under § 1983, and Plaintiff's complaint will be dismissed.

Under the circumstances, the Court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. See Roman v. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990). A separate Order will be issued.

Dated: January 27, 2012

**United States District Judge**